UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

METIN GUNEY,

Petitioner,

v.

UNKNOWN PARTY et al.,

Respondents.

Case No. 1:26-cv-2402

Honorable Robert J. Jonker

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) The Court grants Petitioner leave to appear *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because the Court lacks jurisdiction over Petitioner's claims concerning his removal proceedings and Petitioners claims concerning the conditions of his confinement are not properly before this Court in this habeas action. Accordingly, for the following

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

reasons, the Court will dismiss the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

**Discussion**

**I. Procedural History and Relevant Factual Allegations**

Petitioner is a native and citizen of Turkey who came to the United States seeking asylum. (Pet., ECF No. 1-1, PageID.16.) Petitioner was recently arrested by ICE agents and previously detained at the Butler County Jail (which Petitioner refers to as the Butler Detention Facility), before being transferred to the North Lake Processing Center in Baldwin, Michigan. (Pet., ECF No. 1, PageID.1; ECF No. 1-1, PageID.13–14.) Petitioner alleges that, while in the Butler County Jail, "personnel" stole Petitioner's case and bank card, and subjected Petitioner to racial insults, threats, and a physical "attack." (*Id.*, PageID.14.)

On August 21, 2026, Petitioner filed the present § 2241 petition asking the Court to stop Petitioner's "deportation order and removal" to Turkey and grant him United States citizenship. (*Id.*, PageID.13, 15, 16, 32.)

**II. Habeas Corpus Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. Discussion

First, with respect to Petitioner's claims concerning the actions of Butler County Jail personnel, § 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner's claims "fall outside of the cognizable core of habeas corpus relief," *Hodges v. Bell*, 170 F. App'x 389, 393 (6th Cir. 2006), and should instead be brought separately as a civil rights complaint. *See Richards v. Taskila*, 2020 WL 6075666, at *1 (6th Cir. Sept. 3, 2020) ("As the district court noted, habeas review is limited to claims challenging the fact or duration of a prisoner's confinement, and constitutional challenges to the conditions of a confinement are more appropriately brought in a § 1983 civil rights action").[2]

Second, with respect to Petitioner's request that the Court stop Petitioner's deportation order and removal to Turkey, the Court lacks jurisdiction to issue such an order. Enacted in 1996, § 1252 governs "judicial review" of orders of removal. Subsection (g) provides:

> [e]xcept as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, ... no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Petitioner's "deportation order" (Pet., ECF No. 1-1, PageID.16) concerns a decision or action by the Attorney General to "commence proceedings, adjudicate cases, or execute removal orders" 8 U.S.C. § 1252(g). Therefore, the Court finds that § 1252(g) precludes the

[2] It appears from the exhibits attached to the petition that Petitioner has filed an action against the Butler County Jail in the United States District Court for the Western District of Ohio. (Order, ECF No. 1-1, PageID.33.)

Court's jurisdiction over Petitioner's claims. The Court will, therefore, dismiss Petitioner's petition for a writ of habeas corpus without prejudice for lack of jurisdiction.[3]

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 8, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[3] The Suspension Clause does not apply to make habeas relief available to Petitioner's request for a stay in the face of § 1252(g). As the Court in *Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103 (2020), clarified, the Suspension Clause applies only to those "core" habeas claims seeking release from custody; it does not include claims seeking relief from removal in the immigration context. *Id.* at 108, 119.